Hon. Carl P. Goldstein Town Attorney, Lumberland
This is in response to your letter of February 6, 1978, wherein you ask for our opinion regarding certain roads which have been dedicated to the Town of Lumberland. You state that after acceptance of these roads by the Planning Board and the passage of a resolution to that effect by the Town Board, it was learned that no application was initially made to the Town Highway Superintendent and no order from said Superintendent was made for laying out or accepting the roads.
Town Law, § 32(1), in describing the powers and duties of a town superintendent of highways, states that said individual "shall have such powers and shall perform such duties as are or hereafter may be conferred or imposed upon him by law, and such further duties as the town board may determine not inconsistent with law."
Highway Law, § 171, states in relevant part as follows:
 "Whenever land is dedicated to a town for highway purposes therein, the town superintendent may with the consent of the town board, either with or without a written application therefor, * * * make an order laying out such highway, upon filing and recording in the town clerk's office with such order a release of the land from the owner thereof. A highway so laid out must not be less than three rods in width * * *." (Emphasis supplied.)
The statutory language providing for the town superintendent to make an order laying out a highway by dedication is permissive. Said individual is not required to make such an order but rather, may choose whether or not to do so. Similarly, a written application is not required, but rather is optional.
In order to constitute a public highway by dedication, the Court of Appeals has held that there must not only be an absolute dedication to public use by the owner, but there must be an acceptance and formal opening and use by proper authorities (People v Brooklyn and Queens Tr.Corp., 273 N.Y. 394 [1937]).
From your factual description, there does not appear to be any question or ambiguity relating to the intent of the property owners to have certain roads dedicated to the town. Their offer has not been revoked or withdrawn, either actually or by implication.
In our opinion, the actions of the property owners manifested "an absolute dedication to public use by the owner." Furthermore, the acceptance of these roads by the Planning Board, the resolution of the Town Board, the commencement of services on the roads, and the present use as a public highway constituted "acceptance and formal opening and use by proper authorities" (see People v Brooklyn and Queens Tr. Corp.,supra).
Accordingly, on the basis of your factual description of the intent and actions of the parties in interest and in light of the permissive nature of the statutory language contained in section 171 of the Highway Law, we conclude that neither an order from the Town Highway Superintendent nor a written application made to said Superintendent is required in order for the roads in question to be dedicated to the town. The provisions for such an order and application are not mandatory or conclusive, but rather represent factors which may be considered in the overall determination of whether or not a road or other piece of land has been dedicated to a town for highway purposes. The acceptance of the Town Board is required in order for such a dedication to be valid.